IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 3:12CR212-P |
| ALI MANTEGHI | § § | |

INFORMATION

The United States Attorney Charges:

Count One
Making False Statement
(Violation of 18 U.S.C. § 1001)

1. In or around July, 1 2010, in the Dallas Division of the Northern District of Texas, and elsewhere, defendant **Ali Manteghi,** in a matter within the jurisdiction of the Federal Deposit Insurance Corporation (FDIC), an agency of the United States of America, did knowingly and willfully make a materially false, fictitious and fraudulent statement or representation.

2. **Manteghi** is the majority owner and president of Axxium Custom Homes Dallas, LLC (Axxium) a builder of luxury homes throughout Texas since 1986. Axxium is located within the Northern District of Texas, Dallas Division. **Manteghi**, on behalf of Axxium, signed a Deed of Trust with Coppermark Bank on August 25, 2005, for the financing of real property located at 5197 Brandywine Lane, Frisco, Texas. The Deed of Trust was filed in Collin County on September 12, 2005. **Manteghi,** in the Deed of Trust,

Information - Page 1

agreed to notify Coppermark Bank of any contract for deed or other modification of Axxium's interest in the Brandywine Lane property.

3. Coppermark Bank transacts business within the Northern District of Texas, Dallas Division and is a financial institution under federal law and insured by the FDIC. The FDIC is a federal agency responsible for oversight of financial institutions. The FDIC routinely audits and examines financial institutions to assess their solvency. The review includes analyses of specific loans, so documents supporting any loan may be relied upon by the FDIC. If the FDIC finds a financial institution's lending places depositors at risk of loss, the FDIC requires the lender to address and remedy the deficiencies. The FDIC may require the financial institution to adjust its lending, such as not making certain loans, obtaining additional collateral or down payments from borrowers, or imposing higher interest rates. If a financial institution's lending practices result in its failure, the FDIC is required to repay each depositor for the value of their account, up to $250,000.

4. **Manteghi** and purchasers S.T. and K.T. agreed in or about November 2009 to the sale of real property located at 5197 Brandywine Lane, Frisco, Texas. **Manteghi**, through Axxium, signed along with both purchasers a promissory note and contract for deed on November 1, 2009, for the Brandywine Lane property. The contract for deed was not filed in Collin County records until in or around June 2011. All property tax assessments were sent to Axxium, not the purchasers.

5. **Manteghi** knowingly and willfully failed to inform Coppermark Bank of the contract for deed and promissory note despite the fact the Deed of Trust required him to do

so. **Manteghi** knowingly and willfully falsely stated to Coppermark Bank on July 1, 2010, in a Modification of Deed of Trust that the Brandywine Lane property continued to be unencumbered. **Manteghi** also knew that representation was materially false because the original Deed of Trust, incorporated into the July 1, 2010 modification, required him to notify the bank of any such encumbrance. **Manteghi's** material false statement to Coppermark Bank was within the jurisdiction of the FDIC, an agency of the United States of America, both misled the FDIC and served to impede it's regulation of a financial institution. The original loan agreement warned **Manteghi** that making a false representation or statement on any document could result in criminal penalties. **Manteghi's** knowing, willful, and material false statement to Coppermark Bank on the July 1, 2010 modification was made in the Northern District of Texas, Dallas Division.

6. **Manteghi** failed to cause the recording of the encumbrance to avoid triggering notice to Coppermark Bank and other creditors. **Manteghi** benefitted from his knowing and willful material false statement to Coppermark Bank since Axxium continued to receive significant payments from purchasers S.T. and K.T. exceeding the minimum monthly payments to Coppermark Bank. **Manteghi** used the excess purchase payments for personal and business expenses without having to pay-in-full to Coppermark Bank the existing $878,063.46 loan.

All in violation of 18 U.S.C. § 1001.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

/s/ Michael McCarthy
_____
SEAN MCKENNA
Assistant United States Attorney
Texas State Bar No. 24007652
MICHAEL MCCARTHY
Assistant United States Attorney
Texas State Bar No. 24072230
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214.659.8600
Facsimile:    214.659.8805
Email:         sean.mckenna@usdoj.gov
Email:         michael.mccarthy@usdoj.gov

ORIGINAL

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF TEXAS

RELATED CASE INFORMATION

Superseding Indictment/Information: \_\_\_\_Yes __X__No
New Defendant: __X__Yes \_\_\_\_No
Pending CR Case in NDTX: \_\_\_\_Yes __X__No

If Yes, Number:_____
Search Warrant Case Number: _____
Rule 20 from District of _____
Magistrate Case Number _____

1. **Defendant Information**

   Juvenile: \_\_\_\_Yes __X__No

   If Yes, Matter to be SEALED:

   \_\_\_\_Yes __X__No

   Defendant Name _____Ali Manteghi_____
   Alias Name _____
   Address _____

   RECEIVED JUL 19 2012
   CLERK U.S. DISTRICT COURT
   NORTHERN DISTRICT OF TEXAS

   3-12CR-212-P

   County in which offense was committed: \_\_\_\_\_Dallas_____

2. **U.S. Attorney Information**

   Sean McKenna           Bar #: TX 24007652
   Michael McCarthy       Bar #: TX 24072230

3. **Interpreter**

   \_\_\_\_Yes __X__No   If Yes, list language and/or dialect: _____

4. **Location Status**

   _____Already in Federal Custody as of
   _____Already in State Custody
   _____On Pretrial Release

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant: \_\_\_1\_\_\_   Petty\_\_\_\_\_ Misdemeanor\_\_\_\_\_ Felony__X__

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 USC § 1001 | Making False Statement | 1 |

Date 7/18/12            Signature of AUSA: _____