ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 19 2012
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:12CR-212-P |
| | § | |
| ALI MANTEGHI | § | |

ELEMENTS OF OFFENSE & FACTUAL RESUME

In support of the defendant's plea of guilty to the offense in Count One of the Information charging a violation of 18 U.S.C. § 1001, Making a False Statement, Ali Manteghi and his counsel, S. Cass Weiland, stipulate and agree to the following:

1. **Elements of the Offense:** In order to prove a violation of 18 U.S.C. § 1001 as alleged in Count One of the Information, the Government must prove each of the following elements beyond a reasonable doubt:

   First: That the defendant made a false statement to the United States Federal Deposit Insurance Corporation regarding a matter within its jurisdiction;

   Second: That the defendant made the statement intentionally, knowing that it was false;

   Third: That the statement was material; and

   Fourth: That the defendant made the false statement for the purpose of misleading the United States Federal Deposit Insurance Corporation.

2. **Stipulated Facts:**

Ali Manteghi (Manteghi) is the majority owner and president of Axxium Custom Homes Dallas, LLC (Axxium) a builder of luxury homes throughout Texas. Manteghi and Axxium have conducted business within the Northern District of Texas, Dallas Division since 1990.

Coppermark Bank transacts business within the Northern District of Texas, Dallas Division and is a financial institution under federal law and insured by the FDIC. Southwest Bank transacts business within the Northern District of Texas, Dallas Division and is a financial institution under federal law and insured by the FDIC. The FDIC is a federal agency responsible for oversight of financial institutions. The FDIC routinely audits and examines financial institutions to assess their solvency. The review includes analyses of specific loans, so documents supporting any loan may be relied upon by the FDIC. If the FDIC finds a financial institution's lending places depositors at risk of loss, the FDIC requires the lender to address and remedy the deficiencies. The FDIC may require the financial institution to adjust its lending, such as not making certain loans, obtaining additional collateral or down payments from borrowers, or imposing higher interest rates. If a financial institution's lending practices result in its failure, the FDIC is required to repay each depositor for the value of their account, up to $250,000.

Manteghi, on behalf of Axxium, signed a Deed of Trust with Coppermark Bank on August 25, 2005, for the financing of real property located at 5197 Brandywine Lane, Frisco, Texas. The Deed of Trust was filed in Collin County on September 12,

2005. Monthly payments to Coppermark Bank from Manteghi on the loan were never more than $9,000. Manteghi, in paragraph 19 of the Deed of Trust, entitled "Transfer of the Property or a Beneficial Interest in Borrower of the Deed of Trust," agreed to notify Coppermark Bank of any contract-for-deed or other modification of Axxium's interest in the Brandywine Lane property.

Manteghi and purchasers S.T. and K.T. agreed in or about November 2009 to the sale of real property located at 5197 Brandywine Lane, Frisco, Texas. Manteghi, through Axxium, entered into a promissory note and contract for deed on November 1, 2009, to sell to them the Brandywine Lane property. The term of the promissory note was through 2017, and required the purchasers to pay Manteghi at least $26,518.19 per month. Between November and December 2009, the purchasers wired and/or issued to Manteghi checks drawn from the purchasers' various health care businesses for a down payment totaling at least $240,000.00 of the $2.15 million purchase price. Purchasers S.T. and K.T. often paid Manteghi much more than the minimum monthly payment, sometimes by tens of thousands of dollars. Manteghi personally recorded and credited every payment toward satisfaction of the promissory note on the Brandywine Lane property. The contract for deed was not filed in Collin County records until in or around June 27, 2011. Until at least June 27, 2011, any property taxes assessments were sent to Axxium.

Manteghi knowingly and willfully failed to inform Coppermark Bank of the contract for deed with purchasers S.T. and K.T., despite the fact that paragraph 19 of the original Deed of Trust required Manteghi to do so. Manteghi knowingly and willfully

**Factual Resume & Elements of Offense - Page 3**

falsely stated to Coppermark Bank, within the Northern District of Texas, Dallas Division, on July 1, 2010, in a Modification of Deed of Trust that the Brandywine Lane property continued to be unencumbered, except for publicly-filed encumbrances of record. Manteghi knew that statement to Coppermark Bank was false because he signed a contract for deed with purchasers S.T. and K.T. in November 2009, and that Manteghi never caused the contact for deed to be filed in Collin County records. Manteghi failed to cause the recording of the deed for contract to avoid triggering notice to Coppermark Bank of the transfer of deed. Manteghi also knew his July 1, 2010, representation to Coppermark Bank was materially false because all the original terms and conditions of loan documents and Deed of Trust with Coppermark Bank were incorporated into the July 1, 2010 modification. Manteghi's material false statement to Coppermark Bank is within the jurisdiction of the FDIC, an agency of the United States of America, and both misled and served to impede the FDIC's regulation of a financial institution. The original loan agreement warned Manteghi that making a false representation or statement on any document could result in criminal penalties. Manteghi's knowing, willful, and material false statement to Coppermark Bank on the July 1, 2010 modification was made in the Northern District of Texas, Dallas Division.

     Manteghi benefitted from his knowing and willful material false statement or representation to Coppermark Bank since Axxium continued to receive significant purchase payments for the Brandywine Lane property exceeding the required-monthly payments to Coppermark Bank. Manteghi used the excess purchase payments for

**Factual Resume & Elements of Offense - Page 4**

personal and business expenses without having to pay-in-full to Coppermark Bank the existing $878,063.46 loan.

AGREED TO AND SIGNED this __17__ day of __July__, 2012.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_____
SEAN MCKENNA
Assistant United States Attorney
Texas State Bar No. 24007652
MICHAEL MCCARTHY
Assistant United States Attorney
Texas State Bar No. 24072230
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214.659.8600
Facsimile:  214.659.8805
Email:      sean.mckenna@usdoj.gov
Email:      michael.mccarthy@usdoj.gov

_____      __7/16/2012__
ALI MANTEGHI                    DATE
Defendant

_____      __16 July 2012__
S. CASS. WEILAND                DATE
Attorney for Ali Manteghi

Factual Resume & Elements of Offense - Page 5