ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 19 2012

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 3-12CR-212-P |
| ALI MANTEGHI | § § | |

## PLEA AGREEMENT

Ali Manteghi, S. Cass Weiland, the defendant's attorney, and the United States of America (Government), agree as follows:

1. **Rights of the defendant**: Manteghi understands that he has the right:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have his guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in his defense; and

   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Manteghi waives these rights and pleads guilty to the offense alleged in Count One of the Information, charging a violation of 18 U.S.C. § 1001, Making a False Statement. Manteghi understands the nature and elements of each crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence:** The maximum penalties the Court can impose for each Count in the Information include:

    a.    imprisonment for a period not to exceed five years;

    b.    a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim;

    c.    a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment.   If Manteghi violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d.    a mandatory special assessment of $100;

    e.    restitution to victims or to the community, which is mandatory under the law, and which Manteghi agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

    f.    costs of incarceration and supervision.

4. **Court's sentencing discretion and role of the Guidelines:** Manteghi understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines.   The guidelines are not binding on the Court, but are advisory only.   Manteghi has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case.   Manteghi will not be allowed to withdraw his plea if his sentence is higher than expected.   Manteghi fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment**: Prior to sentencing, Manteghi agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's cooperation**: Manteghi shall cooperate with the Government by giving truthful and complete information and/or testimony concerning his participation in the offense of conviction. Upon demand, Manteghi shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. The Government will advise the Court of the extent of Manteghi's cooperation.

7. **Forfeiture**: Manteghi agrees that any and all property, real or personal, he obtained as the proceeds of the offense alleged in Count One of the Information or which is derived from proceeds traceable to those offenses ("the property"), is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) as incorporated by 28 U.S.C. § 2461. He waives all proprietary interest he holds in the property in any federal judicial forfeiture proceeding, whether criminal or civil, and agrees not to contest the seizure and forfeiture of the property. He agrees to provide information and evidence necessary for the Government to effect the forfeiture of the property and to take all steps requested by the Government to pass clear title to the property to the Government, including the execution of documents necessary to transfer title or any proprietary interest he holds in the property. He consents to the entry of orders of forfeiture for the property and waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding forfeiture proceedings. He acknowledges he

Plea Agreement - Page 3

understands that the forfeiture of assets, substitute assets, and/or a money judgment is part of the sentence that may be imposed in this case and waives any requirement by the Court to advise him of this pursuant to Rule 11(b)(1)(J). He agrees to hold the Government, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the Property. He admits he is no longer in possession of the property and that due to his own acts or omissions, the property has been transferred or sold to, or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty and excessive expense.

8. **Government's agreement**: The Government will not bring any additional charges against Manteghi based upon the conduct underlying and related to Manteghi's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, including DOJ's Tax Division, nor does it prohibit any civil or administrative proceeding against Manteghi or any property.

9. **Violation of agreement**: Manteghi understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the Government will be free from any obligations of the agreement and free to prosecute Manteghi for all offenses of which it has knowledge. In such event, Manteghi waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Manteghi also waives objection to the use against his of any information or statements he has provided to the Government, and any resulting leads.

10. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. **Waiver of right to appeal or otherwise challenge sentence**: Manteghi waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. §§ 2241 and 2255. Manteghi, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12. **Representation of counsel**: Manteghi has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal

**Plea Agreement - Page 5**

representation. Manteghi has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Manteghi has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

[intentionally left blank]

AGREED TO AND SIGNED this 16th day of July, 2012.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_____          _____
Ali Manteghi                          SEAN MCKENNA
Defendant                             Assistant United States Attorney
                                      Texas State Bar No. 24007652
                                      MICHAEL MCCARTHY
                                      Assistant United States Attorney
                                      Texas State Bar No. 24072230
                                      1100 Commerce Street, Third Floor
                                      Dallas, Texas 75242-1699
                                      Telephone:   214.659.8600
                                      Facsimile:   214.659.8805
                                      Email:       sean.mckenna@usdoj.gov
                                      Email:       michael.mccarthy@usdoj.gov


_____          _____
S. Cass Weiland                       GARY TROMBLAY
Attorney for Defendant                Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____     _7/16/2012_____
Ali Manteghi                        Date

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____     _16 July 2012_____
S. Cass Weiland                     Date
Attorney for Defendant

**Plea Agreement - Page 8**